## SKINNER IRR. CO. v. MARCH AUTOMATIC IRR. CO.

(Circuit Court of Appeals, Sixth Circuit. January 5, 1926.)

### No. 4342.

1. **Patents ⬅328—1,142,223, claims 10 and 11, held invalid.**

Patent No. 1,142,223, claims 10 and 11, relating to irrigation systems, *held* invalid.

2. **Patents ⬅101—Inventor may use his own form of expression, but invention must be described and mode of putting it to use clearly explained.**

In making his claim, inventor is at liberty to use his own form of expression; but invention must be described, and mode of putting it to practical use clearly explained.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Patent infringement suit by the Skinner Irrigation Company against the March Automatic Irrigation Company. From an order dismissing the bill, plaintiff appeals. Affirmed.

Axel V. Beeken, of New York City, for appellant.

Cyrus W. Rice, of Grand Rapids, Mich., for appellee.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. This appeal involves the validity, and, if valid, the infringement, of claims 10 and 11 of patent No. 1,142,223, issued June 8, 1915, to Amos Andrews. This patent relates to irrigation systems, and the claimed invention "contemplates the provision of an irrigating plant comprising a reciprocating water motor for moving or oscillating in unison a plurality of spraying members."

The Skinner Irrigation Company is the owner of this patent, and alleges in its bill of complaint that the March Automatic Irrigation Company is infringing claims 10 and 11 by the manufacture and sale of an irrigating apparatus constructed in accordance with its patent No. 1,397,769, for irrigating or sprinkling systems, issued to George E. March, November 22, 1921.

Claim 10 of the patent in suit reads as follows:

"An irrigating plant comprising spraying means adapted to have a bodily movement, a water motor having a reciprocating piston, connecting means between the piston and spraying means for effecting a bodily move-

ment of the latter at a speed proportionate to the speed of reciprocation of the piston, and means for varying the speed of the piston without substantially varying the rate of flow of water discharged by the spraying means."

Claim 11 is in substantially the same language, except that the words "oscillate" and "oscillating" are substituted for the words "bodily movement."

[1] The defenses are invalidity and noninfringement. The District Court held the claims in issue void on the grounds of aggregation and lack of invention, and dismissed the bill of complaint. It is admitted by counsel for appellant that the trial court was correct in finding that, "if these claims contain patentable novelty, it must be found in the last clause or element: 'Means for varying the speed of the piston without substantially varying the rate of flow of water discharged by the spraying means in combination with the other elements.'"

It is insisted on the part of the appellee that, if the invention consists of means for varying the speed of the piston without substantially varying the rate of flow of water discharged by the spraying means in combination with the other elements, the claims are functional merely, and that the inventor has not complied with the statute that requires him to point out particularly and claim distinctly the part, improvement, or combination which he claims is his invention or discovery. [2] In making his claim the inventor is at liberty to use his own form of expression. Howe Machine Co. v. National Needle Co., 134 U. S. 388, 394, 10 S. Ct. 570, 33 L. Ed. 963. But the invention must be described and the mode of putting it to practical use clearly explained. Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 421, 422, 28 S. Ct. 748, 52 L. Ed. 1122; Heidbrink v. McKesson (C. C. A.) 290 F. 665, 668. There is nothing in the language of either claims 10 or 11 that describes the means or the device invented or employed by Andrews as means for varying the speed of the piston without substantially varying the rate of flow of the water discharged by the spraying pipes, but, on the contrary, these claims cover any means old or new in the art, or that may hereafter be discovered for producing this result. Heidbrink v. McKesson, supra. It is claimed, however, upon the part of the appellant, that these means are fully described in the specifications, and that they include the adjustable valve plus the arrangement of water supply pipes to the cylinder and the exhaust. There is nothing new or novel in the adjustable valve, the arrangement of the water supply pipes to the motor, or the pipe through which the water is exhausted or discharged from the motor cylinder, nor does March use the same arrangement of water pipe, but, on the contrary, uses a single supply pipe to both motor and sprinkling pipes.

The fact that a water motor having a reciprocating piston is superior to a rotary water motor, because a reciprocating piston requires a very much less amount of water to operate, is not helpful in determining the validity of the claims in suit; nor is it important, as respects these claims, that the inventor in his preferred form, utilizes a weight to raise the piston after it has been lowered by the water pressure, thereby reducing the quantity of water that must necessarily be wasted. That feature is fully covered by other claims of the patent, and it is not claimed that defendant's structure infringes in this respect. Means for supplying water to the motor independently of the water to the sprinkling pipes is also covered by other claims, yet, even if the means for varying the speed of the piston includes means for a supply of water to the motor independent of the source of supply to the sprinkling pipes, then there would be no infringement, and none is claimed in that respect.

It is unnecessary to review the prior art in detail. It is apparent, however, that defendant's structure corresponds more nearly to Flad, No. 288,222, than to Andrews. In both Flad and March there is a common source of water supply, from one pipe through the same valve to the piston and sprinkling pipes. The amount of water that may flow through the piston and the sprinkling pipes, respectively, is controlled by this one valve on the one supply pipe, and the water passing through the cylinder and operating the piston is discharged through an exhaust pipe and not through the sprinkling pipes. It is a self-evident proposition that if the piston in the Andrews' structure be moved in both directions by the water pressure alone, and there is a common source of supply, the amount of waste water from Andrews would equal the waste water from Flad, and necessarily an equal variation of the rate of flow from the sprinkling pipes of both. These amounts would vary in each structure only in proportion to the size and power of the motor element. If water is supplied to the motors and sprinkling pipes of both Flad and Andrews from the same source, then no rea-

son appears why Flad would not be equally as effective as Andrews in varying the speed of the piston without substantially varying the rate of flow of the water through the sprinkling pipes, except in the preferred structure of Andrews, where a weight is used instead of water pressure to occasion the reverse stroke of the piston.

It is claimed, however, that Flad is not adapted to irrigation purposes, that there is a substantial difference between a street sprinkler and an irrigating system, and that these two arts are not analogous. Flad states in his specification that his invention "relates to improvements for watering or sprinkling roads, streets, avenues, or other area of ground." A careful consideration of the elements of his invention, their arrangement and plan of operation, does not disclose that he has misstated its purposes, or that the machine of his patent cannot be as successfully used for irrigating land, so as to get the water under the surface a sufficient depth to be available to plants, without physical injury to the plant, and without disturbing favorable growing conditions, as any other irrigation system disclosed by the prior patent art.

The decree of the District Court is affirmed.